IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELINA STARR,<br>    Plaintiff,<br><br>v.<br><br>COMPASS RECOVERY GROUP, LLC and<br>TEXAS BONDING COMPANY,<br>    Defendants. | CASE NO.: 5:20-cv-1430 |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Melina Starr ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Compass Recovery Group, LLC ("Compass") and Texas Bonding Company ("TBC") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Texas Finance Code ("TFC") § 392.001, et seq.

2. Compass is subject to the collection laws of the state of Texas because Plaintiff was located in the state of Texas at all times relevant hereto.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

1

## PARTIES

6. Plaintiff is a natural person, who at all relevant times resided in Comal County, Texas.

7. Compass is a New York LLC with principal offices situated in Erie County, New York according to the formation documents it filed with the New York Secretary of State.

8. Compass is not registered to do business in Texas, but can be served in accordance with New York or Texas law.

9. TBC is a foreign entity that can be served in the state of Texas via its registered agent, National Registered Agents Inc., 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

10. TBC is liable for the acts committed by Compass complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 100477465, as well as any other applicable law.

## FACTUAL ALLEGATIONS

11. Plaintiff is allegedly obligated on an old loan from Genesis Financial (the amount allegedly owed on the loan is hereinafter referred to as "Account"). The Account was used for personal or family purposes such as paying for various personal effects or services and not for business or commercial purposes in any way.

12. The account originated with an entity other than Compass and went into default prior to being transferred to Compass for collection.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and constitutes a "consumer debt" as that term is defined by and Tex. Fin. Code § 392.001(2).

15. Compass is a third-party debt collector, allegedly collecting on behalf of Brightwater Capital, a debt buyer.

16. Compass's website (www.compassrecoverygroup.com) (last visited December 15, 2020) states, among other things, the following:

    > Compass Recovery Group, LLC. provides a full-service receivables debt collection solution. We perform collection services at every stage of delinquency.

17. As described below, Compass attempted to collect the Account directly from Plaintiff in order to make a profit.

18. The principal purpose of Compass is the collection of debts using the mails and telephone and other means.

19. Compass regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Compass is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

21. During the one year prior to the date of the filing of this Complaint, Compass and/or representative(s), employee(s) and/or agent(s) of Compass made telephone calls to Plaintiff and friends and family of Plaintiff's to collect the Account.

22. In a voicemail left on plaintiff's phone on approximately August 6, 2020, Compass stated:

Hi, Melina, this is Donna Denton trying to reach out to you. I just spoke with your father Mark Gilg, and he's going to try to get in touch with you as well. Um, Melina, I have a client that is seeking legal proceedings to be filed against you and they are seeking for a court order on a judgment. I want to try to get in touch with you and see if we can get this matter resolved out of court so that that judgment is not filed. I did reach out to the lien holder on the property that you own there on Bonnyview, I reached out to Quicken loans, uh, to verify the lien holders on the property and they're telling me that there are no

others outside of you and Thomas Starr, so please reach out to me. Um, this judgment will impact you drastically. So I want to give you some out of court alternatives, but I need you to reach out to me as soon as possible. My number here is (716) 332-7653. Thank you.

23. Compass also called friends and relatives of Plaintiff's and informed them that Plaintiff was delinquent on the Account and that a lien was going to be filed against Plaintiff's home.

24. Upon getting messages from her friends and relatives and from Compass directly via the voicemail described above, Plaintiff called Compass and was told that if she did not repay the Account she would be sued.

25. The disclosures to Plaintiff's friends and relatives were unauthorized by Plaintiff and were thus unauthorized disclosures to third-parties.

26. The threats to file a lawsuit, pursue Plaintiff in court, and place a lien against Plaintiff's home if the Account was not repaid were false, deceptive, misleading as Compass had no intention of doing any of the things threatened.

27. In one or more communication with Plaintiff, Compass failed to inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained would be used for the purpose of debt collection.

28. Compass never informed Plaintiff of Plaintiff's rights to dispute the debt and/or request validation of the debt as required by 15 U.S.C. § 16392g(a).

29. The words Compass's employee used in its communications with Plaintiff caused Plaintiff to believe that she had been or soon would be sued on the Account and/or that a lien soon would be filed against Plaintiff's home.

30. The least sophisticated consumer would have believed that he or she had been or soon would be sued on the Account and/or that a lien soon would be filed against his or her

home.

31. Compass intended for Plaintiff to believe that she had been or soon would be sued on the Account and/or that a lien soon would be filed against Plaintiff's home despite the fact that Compass knew that neither Compass nor the creditor on whose behalf it was collecting, had the present intent of suing plaintiff on the Account or the legal right to file a lien against Plaintiff's home.

32. As of the time the statements by Compass regarding the filing of a lawsuit were made, and as of the filing of this complaint, no lawsuit had been or has been filed against Plaintiff on the Account.

33. Compass's purpose for the communication(s) with Plaintiff described above was to attempt to collect the accounts.

34. The telephone calls described above conveyed information regarding the account directly or indirectly to Plaintiff.

35. The telephone call(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The only reason that Compass and/or representative(s), employee(s) and/or agent(s) of Compass made telephone call(s) to Plaintiff was to attempt to collect the Account.

37. The only reason that Compass and/or representative(s), employee(s) and/or agent(s) of Compass had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

38. The conduct of Compass as described above was done knowingly and willfully and purposefully.

39. Compass' collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression, embarrassment and/or distraction from normal life.

40. As a direct and proximate result of the aforesaid actions, Plaintiff suffered actual damages, is entitled to statutory damages, and seeks recovery pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

41. The representative(s) and/or collector(s) at Compass were employee(s) and/or agent(s) of Compass at all times mentioned herein.

42. The representative(s) and/or collector(s) at Compass were acting within the course and/or scope of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at Compass were under the direct supervision and/or control of Compass at all times mentioned herein.

44. The actions of the representative(s) and/or collector(s) at Compass are imputed to their employer, Compass.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY COMPASS RECOVERY GROUP, LLC

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of Compass and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692c(b) and §1692d(2)&(6) §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g(a).

47. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Compass.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY COMPASS RECOVERY GROUP, LLC

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of Compass and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.302(1) and §392.304(a)(5)(A)&5(B)&(8)&(14)&(16)&(19).

50. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Compass.

51. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant Compass enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
### BY COMPASS RECOVERY GROUP, LLC

52. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Compass is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Compass intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

53. Plaintiff suffered actual damages from Compass as a result of Compass's intrusion.

### COUNT IV:  IMPUTED LIABILITY OF TEXAS BONDING COMPANY
### FOR LIABILITY OF COMPASS RECOVERY GROUP, LLC

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of Compass and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.302(1) and §392.304(a)(5)(A)&5(B)&(8)&(14)&(16)&(19) are imputed to TBC pursuant to Tex. Fin. Code § 392.102.

56. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from TBC.

## JURY TRIAL DEMAND

57. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

58. Judgment in favor of Plaintiff and against Compass Recovery Group, LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

   e. An injunction permanently enjoining Compass following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

   f. Such other and further relief as the Court deems just and proper.

59. Judgment in favor of Plaintiff and against Compass and TBC, jointly and severally, as follows:

   a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

   b. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

c.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff